ANDRÉS POL SERRANO ET AL., Plaintiffs and Appellants, *v.* MATÍAS SUAU BALLESTER, ETC., Defendant and Appellee.

No. 6302. Argued April 18, 1934.—Decided February 28, 1935.

Leopoldo Mercader for appellants.   José D. Rodríguez for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Andrés Pol Serrano and Zulema Rodríguez, husband and wife, brought suit to declare the nullity (*inexistencia*) of a deed. The latter had been executed before a notary on the first day of May 1931 and purported to convey from the plaintiffs to the defendant, Matías Suau Ballester, 229.22 acres (*cuerdas*.) of rural land located in Lares. The plaintiffs estimated the value of the land to be $40,000 and set up in the complaint with some details that they had never made any contract whatsoever or in any form with the defendant looking to the alienation of the said property; that there was no statement of consideration in the deed and that none in fact passed; that plaintiffs were in possession of said land and that the title to the same remained in them. After answer and a trial, the district court found in favor of the defendant and rendered judgment on the 21st of March 1932.

The court while weighing the conflict in the evidence founded its opinion on the fact that in consideration of the transfer the defendant agreed to do various things, among others, to assume a mortgage of $17,614.88 secured by the property, to pay the taxes, to pay certain amounts due as compensation to workmen, and to assume a debt of $500 owed by Andrés Pol Serrano to Enrique Pol. In weighing the evidence the court found that the preponderance thereof was salient in favor of Matías Suau; that the witnesses for plain-

tiffs were members of the family, namely, the wife, their son and their son-in-law. The court commented on the absence of Andrés Pol Serrano as a witness when he was the owner (*sic*) of the property; that the witnesses of the plaintiffs contradicted one another. The conclusion arrived at was that there was a good and sufficient consideration without any simulation, fraud or irregularity.

■ The deed recites that the defendant is acquiring the land for the sum of $20,000, which is the amount of incumbrances on the property, and on the face of it therefore recites a good and complete consideration.

■ The first assignment of error is as follows:

"1.—In holding that a deed of sale had been made whereby the plaintiffs validly consented to convey to Matías Suau Ballester the 229.22 acres."

We find involved the weighing of the evidence and reserve discussion.

The second and third assignments of error are:

"2.—In holding that the said conveyance was for a valid consideration since, according to the court, a certain and sufficient price had been paid as required by the Civil Code, although deed No. 18 dated May 1, 1931, and executed before Notary Esteves, did not mention it at all.

"3.—In holding that the defendant proved the existence of an adequate and fair consideration for the conveyance to him by the plaintiffs of the 229.22 acres, notwithstanding the fact that no compensation whatever appeared from the said deed, without any reason being given why it was not so stated when executing the said public instrument."

The appellants present a number of arguments which do not convince us at all. The assumption of the mortgage was a complete consideration for the alienation and the acceptance of the deed by Suau was such an assumption. So far as these assignments do not involve the discussion of the evidence they merit no further analysis or differentiation of the authorities cited by appellants.

■ The remaining assignments set up the following:

"4.—In holding that in the present case there had been a preponderance of evidence in favor of the defendant on the ground, among others, that the witnesses for the plaintiffs were their relatives, and because Andrés Pol Serrano, an irresponsible and aged person, was not called upon to testify at the hearing.

"5.—In holding that the witnesses for the plaintiffs gave conflicting testimonies and that their statements were in conflict with those of the defendant.

"6.—The trial court committed a grave and manifest error in weighing the evidence and in finding for the plaintiffs (sic), imposing, moreover, unduly on the plaintiffs the costs, disbursements and attorney's fees."

The fourth assignment relates to a bit of reasoning of the court that might be mistaken without affecting the result. Where fraud is charged against a defendant, that his witnesses were solely his relatives would surely be a circumstance. It is not a far cry, similarly to find, at least in part where the witnesses are all related to the person charging fraud.

■ The absence from the trial of Andrés Pol Serrano, the alleged principal plaintiff, was significant. We agree with the court that such absence from the witness stand was not satisfactorily explained. To be sure there was testimony tending to show that at the time of the execution of the deed he was not of sound mind. The court had a right not to believe this testimony or that such idiocy or the like existed at the moment of the trial. Furthermore, we note that the suit is brought in the name of Andrés Pol Serrano and his wife which in itself indicated that he did not need a guardian and had capacity to employ an attorney.

With respect to the fifth assignment it might be that the court was mistaken in saying that the contradiction or that the inconsistencies of the plaintiffs' witnesses affected the result. Yet the burden was still on the plaintiffs to show that the court was wrong in its general finding in favor of the defendant.

The theory in part of the plaintiffs was that they were called by the defendant for a certain deed or contract and unwillingly signed another one. Not alone did the court not believe so, but we find no sufficient reason to go against the apparent deliberate act of the plaintiffs. Nor do we find any reason to relieve them of the imposition of costs.

The judgment will be affirmed.